2024 IL App (2d) 230520-U
No. 2-23-0520
Order filed August 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ANDREW J. LYON | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-CH-32 |
| | ) | |
| MARY P. HIGGINS, Individually and in Her | ) | |
| Official Capacity as Trustee of the Declaration | ) | |
| of Trust of Jeffrey S. Lyon, Agent Under the | ) | |
| Power for Healthcare of Jeffrey S. Lyon, and | ) | |
| Executor of the Estate of Jeffrey S. Lyon, | ) | |
| MATTHEW LYON, and KRISTINA A. | ) | |
| HIGGINS | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Daniel L. Jasica, |
| (Mary P. Higgins, Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in dismissing with prejudice plaintiff's claims regarding the distribution of decedent's cremated remains. However, the trial court abused its discretion by not allowing plaintiff to file an amended pleading regarding his other claims. Affirmed in part and reversed in part. Cause remanded.

¶ 2    Plaintiff Andrew J. Lyon appeals the trial court's order dismissing his claims against defendant Mary P. Higgins with prejudice. For the following reasons we affirm in part, reverse in part, and remand the cause.

¶ 3                                I. BACKGROUND

¶ 4    Jeffrey S. Lyon died on December 7, 2020. He was survived by his two adult sons, Andrew J. Lyon and Matthew Lyon, as well as his girlfriend of 20 years, Mary P. Higgins. On or about November 25, 2002, Jeffrey executed an Illinois Statutory Short Form Power of Attorney for Healthcare naming Mary as his designated healthcare agent. The power of attorney authorized Mary to "direct the disposition of the principal's remains." On November 25, 2002, Jeffrey also executed a will. The will named Mary as executor and did not include any provisions regarding the disposition of his remains. The will left his household furniture and furnishings and articles of household use to Mary and his remaining tangible personal property to his children. The residue of the estate was to be transferred into Jeffrey's testamentary trust, which was also formed on November 25, 2002, and served as the primary testamentary vehicle. Mary was named as successor trustee of the trust. Under the terms of the trust, the bulk of the trust's assets were to be distributed to Mary, Andrew, and Matthew in equal shares upon Jeffrey's death.

¶ 5    On February 24, 2023, plaintiff filed a complaint against Mary and the other defendants. The complaint contained a single count: 1) alleging that Mary breached her fiduciary duty regarding the distribution of Jeffrey's remains; 2) seeking distribution of Andrew's share of $600,000 from Jeffrey's law practice, which was being held in an IOLTA account by Jeffrey's former partner Michael Caron at the direction of Mary; and 3) alleging breach of fiduciary duty related to Mary's management of Waukegan Ventures, LLC, one third of which became trust

property following Jeffrey's death, and the other two thirds of which were owned by Mary and her daughter, Kristina A. Higgins.

¶ 6    Regarding the distribution of Jeffrey's remains, the complaint alleged a distinction between "remains" or a person's corpse, and "cremains" which are the cremated remains or ashes. The complaint provides no authority for this assertion. Andrew asserts that there was no instrument directing the distribution of Jeffrey's cremated remains, and that Jeffrey left verbal instructions with Matthew regarding how his cremated remains should be distributed: one third should be interred at Westlawn Cemetery where Jeffrey's parents were interred, one third should be spread at a location on the South Side of Chicago, and the rest he did not care how they were handled.

¶ 7    The complaint stated that Andrew expressed to Mary through Caron his desire to obtain the cremated remains and distribute them "as per a conversation and mutual decision to be made with Matthew." Upon learning that the cremated remains were ready to be retrieved, he made it known to Mary that he was opposed to immediately interring the cremated remains and wanted to discuss how to handle the matter with Matthew. On February 1, 2021, Andrew emailed Caron requesting that the cremated remains be sent to Andrew to "hold temporarily" until he and Matthew could decide what to do with them. On February 5, 2021, Caron responded on behalf of Mary that she had decided to decline the request and would inter the cremated remains.

¶ 8    Finally, the complaint alleged that most of the cremated remains were disposed of in two separate ceremonies, which Andrew was not invited to, and that Mary retained a portion for herself. Andrew asserted that Mary breached her fiduciary duty by disposing of the remains while there was an ongoing dispute within the meaning of section 50 of the Disposition of Remains Act (Act) (755 ILCS 65/50 (West 2020)).

¶ 9    On June 1, 2023, Mary moved to dismiss the complaint pursuant to section 2-615 of the

Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). Mary's motion argued that Andrew's complaint violated section 2-603(b) of the Code because it alleged multiple claims for relief in a single count and did not clearly specify against which of Mary's multiple capacities each claim was being brought. Further, Mary argued that the claims against her regarding the disposition of Jeffrey's remains should be dismissed because, as designated agent under Jeffrey's power of attorney, she had the sole authority under the Act to direct the disposition of his remains. Mary also argued that any claims against her for breach of fiduciary duty should be dismissed because Andrew had failed to allege sufficient facts showing that she owed any fiduciary duty to Andrew individually.

¶ 10     On July 12, 2023, rather than responding to the motion to dismiss, Andrew filed a motion for leave to file an amended complaint. The attached amended complaint included three counts. Count 1 contained the same factual allegations as the original complaint regarding the disposition of Jeffrey's cremated remains but sounded in intentional infliction of emotional distress rather than breach of fiduciary duty. Count 2 alleged breach of fiduciary duty against Mary relating to the distribution of the $600,000 from Jeffrey's law practice. Finally, count 3 alleged breach of fiduciary duty against Mary related to her management of Waukegan Ventures, LLC.

¶ 11     On July 27, 2023, the trial court entered an order granting Mary's motion to dismiss, dismissing the claims regarding the disposition of Jeffrey's remains with prejudice and dismissing the remaining claims with leave to replead. The trial court also denied Andrew's motion for leave to file an amended complaint as moot and gave him until August 24, 2023, to file an amended complaint.

¶ 12     Instead of doing so, on August 28, 2023, Andrew filed a motion to reconsider the trial court's July 27, 2023, order. In his motion to reconsider, Andrew argued *inter alia* that while the

power of attorney gave Mary the authority to have Jeffrey's body cremated, it did not extend to the distribution of the cremated remains. Andrew further argued that as Jeffrey's power of attorney, she was a fiduciary and that her continued possession of the remaining cremated remains constituted self-dealing.

¶ 13     Andrew concluded by arguing that on reconsideration the trial court should deny Mary's motion to dismiss, or alternatively either grant the motion to dismiss without prejudice and allow him to replead all counts, or allow him to replead the counts not related to the disposition of Jeffrey's remains.

¶ 14     On September 29, 2023, Mary filed a response to Andrew's motion to reconsider. Notably, she did not argue that he should not be allowed to replead those claims that were unrelated to the disposition of Jeffrey's remains.

¶ 15     On October 23, 2023, the trial court entered an order denying Andrew's motion to reconsider. The order stated in its entirety:

> "This matter having come before the Court for hearing on Plaintiff's Motion to Reconsider Order of July 27, 2023 ('Motion'), the Motion having been briefed and the Court having heard oral argument, and otherwise being fully advised in the premises;
>
> IT IS HEREBY ORDERED THAT:
>
> 1. The Motion is denied.
>
> 2. Plaintiff having failed to file an amended pleading by August 24, 2023 as allowed by the Court's July 27, 2023 Order (as to any claim(s) other than those being brought under, or pursuant to, the Illinois Disposition of Remains Act, 755 ILS 65/1 et seq.), the case is dismissed with prejudice."

¶ 16     Andrew timely appealed.

¶ 17                                    II. ANALYSIS

¶ 18     Andrew raises two arguments on appeal. First, he argues that the trial court erred in dismissing his claims regarding the disposition of Jeffrey's remains, as Mary's withholding of a portion of the cremated remains for herself constitutes an act of self-dealing and breach of fiduciary duty. Second, he argues that the trial court abused its discretion in dismissing his claim regarding Waukegan Ventures, LLC without leave to replead.

¶ 19     As a preliminary matter, Mary argues that we lack jurisdiction to review paragraph 2 of the October 23, 2023, order dismissing the case with prejudice, as Andrew's notice of appeal only requests, "[t]hat the denial by the circuit judge of Plaintiff-Appellee's request to reconsider the Order of July 27, 2023 be reversed (along with any interlocutory orders leading to it)[,]" and that therefore our review is limited to paragraph 1 of the order, precluding review of the Waukegan Ventures, LLC claim.

¶ 20     We reject this argument. First, defendant's motion to reconsider requested in the alternative that Andrew be granted "leave for Plaintiff to replead all counts or, in the alternative, replead the remaining counts[.]" Based on the record, it is clear that by "remaining counts" Andrew meant those counts not related to the disposition of Jeffrey's remains. Accordingly, even were we to subscribe to Mary's interpretation of Andrew's notice of appeal as only specifying paragraph 1 of the July 27, 2023, order, Andrew's motion did request that he be allowed to replead his claims including those related to Waukegan Ventures, LLC.

¶ 21     Second, it is generally accepted that a notice of appeal is to be liberally construed. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). "Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is

not deprived of jurisdiction." *Id.* at 434.

¶ 22                      A. No Breach of Fiduciary Duty

¶ 23    Andrew argues that as Jeffrey's designated healthcare agent under the power of attorney, Mary was a fiduciary, and as such was prohibited from self-dealing. Jeffrey maintains that by withholding a portion of Jeffrey's cremated remains for herself, she engaged in self-dealing, and should have been required to show that her actions were fair and equitable before his claim was dismissed.

¶ 24    A section 2-615 motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint based on defects on the face of the pleading. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). In reviewing the legal sufficiency of a complaint, the court accepts as true all well-pleaded facts and reasonable inferences which may be drawn from those facts. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 97 (2004). We also construe the allegations in the light most favorable to the non-moving party. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005). Thus, a section 2-615 motion to dismiss should be granted only if it is apparent that no set of facts can be proven which would entitle the plaintiff to relief. *Canel v. Topinka*, 212 Ill. 2d 311, 318 (2004). That being said, Illinois is a fact pleading jurisdiction, and a plaintiff must allege facts to bring their claim within a legally recognized cause of action. *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004). A plaintiff cannot rely on mere conclusions of law or fact not supported by specific factual allegations. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996). We review a motion to dismiss pursuant to section 2-615 *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579-80 (2006).

¶ 25    We agree with Andrew that generally a presumption of fraud or undue influence exists where a fiduciary has profited by virtue of their status as a fiduciary. *In re Estate of Stahling*, 2013

IL App (4th) 120271, ¶ 18. This is because a fiduciary occupies a position of trust and confidence by which they often gain influence and superiority over the principal. *Jones v. Washington*, 412 Ill. 436, 440 (1952). Therefore, the law presumes that a transaction to the benefit of the fiduciary constitutes a betrayal and fraud which must be scrutinized with the "most jealous vigilance[.]" *Dowie v. Driscoll*, 203 Ill. 480, 490 (1903). We also agree that because Mary exercised her power to dispose of Jeffrey's remains as his designated healthcare agent, she stood in a fiduciary relationship to Jeffrey's estate regarding the exercise of that power. *In re Estate of Stahling*, 2013 IL App (4th) 120271, ¶ 20. However, we do not believe that traditional principles of self-dealing are applicable to the circumstances of the instant case.

¶ 26     Traditional principles of self-dealing seek to prevent harm to the principal caused by the fiduciary's abuse of their position of trust for their own pecuniary gain. *In re Estate of Stahling*, 2013 IL App (4th) 120271, ¶ 18. However, where a decedent leaves no directions regarding the disposition of their remains, other than designating who shall direct the disposition, the risk of harm to the estate is slight. Short of disposing of a decedent's remains in an insulting or offensive manner, it is not clear what harm can be done.

¶ 27     Further, a designated healthcare agent is a position often filled by a close trusted friend or relative. In instances where a decedent is cremated, it is not uncommon for one or more of the decedent's closest loved ones to retain all or a portion of the cremated remains. Accordingly, it should be expected that in many instances, the person designated as a decedent's healthcare agent would be the decedent's closest friend or relative, and therefore one of the most likely and appropriate persons to retain their cremated remains. As such, presumptive concerns of betrayal and fraud do not enter in.

¶ 28     Further, it would be contrary to the purpose of the Act to allow litigation second guessing

every instance in which a designated agent chose to retain a decedent's cremated remains for themselves. *In re Estate of Nocchi*, 2023 IL App (2d) 220124, ¶ 16 ("Among its salutary features, the Act avoids litigation over the disposition of a decedent's remains[.]").

¶ 29    Here, Mary was authorized to dispose of Jeffrey's remains as his designated agent under his statutory short form power of attorney for healthcare. 755 ILCS 65/5, 40 (West 2020). Further she was also responsible for the disposition of Jeffrey's cremated remains under the Crematory Regulation Act. 410 ILCS 15/15, 40 (West 2020). Jeffrey was a sophisticated attorney who executed not only a medical power of attorney but also a will and testamentary trust. Mary and Jeffrey were together for over twenty years and owned a home together. Jeffrey entrusted Mary with decision-making authority regarding the disposition of his remains, and there is no basis to claim that she breached her fiduciary duty to his estate by choosing to retain a portion of the remains for herself. Accordingly, we affirm the dismissal with prejudice of Andrew's claim regarding the disposition of Jeffrey's remains.

¶ 30          B. It was an Abuse of Discretion to Deny the Motion to Replead.

¶ 31    Andrew argues that he should have been allowed to replead his claim regarding the management of Waukegan Ventures, LLC.

¶ 32    We review a trial court's order denying a motion to amend pleadings for an abuse of discretion and consider four factors in doing so: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 33    Regarding whether the proposed amendment would cure the defective pleading, the largest

flaw with Andrew's original Waukegan Ventures claim was that it was commingled with his other claims. In his proposed amended complaint, which was attached to Andrew's motion for leave to file an amended complaint in response to Mary's motion to dismiss, Andrew set forth a *prima facie* case for breach of fiduciary duty regarding Mary's management of Waukegan Ventures. Further, we do not see that Mary would be unduly prejudiced or surprised by allowing the amendment.

¶ 34    Regarding whether the amendment was timely or whether there were previous opportunities to amend following the dismissal of Andrew's complaint on July 27, 2023, the trial court gave Andrew until August 24, 2023, to replead all claims other than those arising from the disposition of Jeffrey's remains. Andrew chose not to file an amended pleading, and instead on August 28, 2023, moved to reconsider the trial court's July 27, 2023, order. As part of that motion, Andrew requested in the alternative that he be allowed to replead those claims which did not arise from the disposition of Jeffrey's remains but did not include a proposed amended complaint. So, although Andrew was given an opportunity to replead his Waukegan Ventures claim, he instead chose to file his motion to reconsider four days after the date given for him to replead.

¶ 35    While we understand how this, perhaps ill-advised, motion practice may be frustrating to the trial court, "it is the policy of Illinois law to freely and liberally allow amendments to pleadings so that cases will be decided on their merits instead of on pleading technicalities[.]" *County of Peoria v. Couture*, 2022 IL App (3d) 210091, ¶ 2. "The most important question is whether the amendment will be in furtherance of justice." *Blazina v. Blazina*, 42 Ill. App. 3d 159, 165 (1976).

¶ 36    From the record, there appears to be a legitimate dispute regarding how Andrew's share of Waukegan Ventures, LLC should be handled. The business appears to be a going concern that will presumably continue generating revenue. Dismissing the cause of action at this stage would not preclude future harm and therefore a future cause of action from accruing. The interests of

justice favor resolution of the dispute at this time and we can see no judicial economy in dismissing the claim. Accordingly, we find that the trial court abused its discretion in dismissing this claim with prejudice, and remand for further proceedings consistent with this order.

¶ 37                                    III. CONCLUSION

¶ 38    For the reasons stated, we affirm the judgment of the circuit court of Lake County dismissing Andrew's claim regarding the distribution of Jeffrey's cremated remains, reverse the judgment of the circuit court of Lake County dismissing Andrew's claim regarding the management of Waukegan Ventures, LLC with prejudice, and remand for further proceedings consistent with this order.

¶ 39    Affirmed in part and reversed in part.

¶ 40    Cause remanded.